UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WHITNEY PAXTON and JEFF REESER, on behalf of themselves and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:16-CV-523-HSM-HBG ) |
| BLUEGREEN VACATIONS UNLIMITED, INC., PHILLIP HICKS, and TODD SMITH, | ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 29] of the District Judge.

Now before the Court is the Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members [Doc. 27]. The parties appeared before the Court on June 1, 2017, for a motion hearing. Attorneys Carlos Leach, Marc Edelman, and Jeffrey Taylor appeared on behalf of the Plaintiffs. Attorney C. Eric Stevens appeared on behalf of the Defendants.

After the hearing, the Court invited [Doc. 35] the parties to submit additional briefing on whether Front-Line Sales Representatives should be included in the conditional certification and whether the Court should include the employees from Florida in the collective action. Both parties submitted additional briefs. [Docs. 37 and 38]. The Motion is now ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that Plaintiffs' Motion [**Doc. 27**] be **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND**

The Complaint [Doc. 1] in this case was filed on August 24, 2016. The Complaint alleges violations of the Fair Labor Standards Act of 1938 ("FLSA"). In addition, Plaintiff Whitney Paxton states that she was unlawfully terminated after complaining to the Defendants about their failure to pay wages in violation of § 215(a) of the FLSA. *Id.* at ¶ 1. The Complaint alleges that the Plaintiffs were either formerly employed, or remain employed, by the Defendants as non-exempt employees. *Id.* at ¶ 2. The Complaint states that the Plaintiffs worked as In-House Sales Representatives and/or Front Line Sales, or similar positions with duties and responsibilities, including selling and promoting time-share interest. *Id.* at ¶ 3. The Complaint contends that during the three-year period prior to filing the Complaint, the Defendants committed violations of the FLSA by requiring and/or suffering and/or permitting its employees to work in excess of forty (40) hours per week without receiving earned compensation, including overtime pay as required by law. *Id.* at ¶ 4. The Complaint continues that the Defendants did not pay the Plaintiffs for all hours worked. *Id.* Further, the Complaint states that the Defendants contracted with the Plaintiffs, as a term and condition of their employment, to pay for all hours worked based on the legally appropriate hourly rate of pay, including overtime. *Id.* In addition, the Complaint alleges that during the three-year period prior to the filing of the Complaint, the Defendants required the Plaintiffs to adjust their hours so that the Plaintiffs would not be paid overtime. *Id.* at ¶ 5. The Complaint states that the Defendants also required the Plaintiffs to sign documentation reducing their hours of work and that the Defendants required the Plaintiffs to work off-the-clock. *Id.* In summary, the Complaint alleges violations of the FLSA, breach of contract, and retaliatory discharge of Plaintiff Wendy Paxton. *Id.* at ¶¶ 15-26.

## II. POSITIONS OF THE PARTIES

The Plaintiffs move [Doc. 27] for an order conditionally certifying this case as a collective action. In addition, the Plaintiffs request an implementing procedure, whereby prospective opt-in plaintiffs will be notified of Plaintiffs' FLSA claims and be given an opportunity to join the collective action.[1] Specifically, the Plaintiffs state that the collective action will consist of Sales Representatives employed by Defendant Bluegreen Vacations Unlimited, Inc., ("Bluegreen") at its Pigeon Forge, Gatlinburg, and Orlando, Florida locations within the last three years. The Plaintiffs assert that there are common questions of law or fact to all the Sales Representatives. The Plaintiffs argue that the Defendants employ similarly situated Sales Representatives who were or are paid under the same pay practices that were applicable to all Sales Representatives within the defined class. The Plaintiffs contend that district courts often conditionally certify similar cases. Further, the Plaintiffs claim that courts do not consider factual disputes, the merits of the claim, discovery, or individualized defenses. The Plaintiffs assert that the proposed class notice is accurate and should be mailed, emailed and posted at Defendant Bluegreen's locations.[2] Further, the Plaintiffs assert that notice should be sent to class members within a three-year statute of limitations and that the Court should order the Defendants to provide contact information for the class members.

The Defendants respond [Doc. 31] that the Plaintiffs have not identified a single policy that

---

[1] The Plaintiffs submitted a proposed Order [Doc. 27-1] granting their Motion. The Plaintiffs are directed to ECF Rule 4.9 that provides as follows: "Proposed Orders. Orders not agreed to by all parties should **NOT** be included as an attachment to a motion or other request for relief." (Emphasis in original). Proposed orders are only appropriate when the parties file joint motions.

[2] The Plaintiffs also state that notice should be posted at Bluegreen's Panama City Beach location. The Court believes this to be a typographical error because that location is not included with the request to conditionally certify.

3

even arguably violates the FLSA. Further, the Defendants argue that the Plaintiffs' evidence of being similarly situated is insufficient. The Defendants explain that the Plaintiffs fail to identify a common theory of liability, they fail to identify a common decision maker, and they provide no evidence regarding current Bluegreen employees. Further, the Defendants assert that the Plaintiffs and the declarants are not similarly situated and that their claims are not suited for collective treatment. With respect to the proposed notice, the Defendants assert that the notice and consent are deficient and misleading. Finally, the Defendants assert that only one form of notice is appropriate and that the Plaintiffs are not entitled to putative collective members' social security numbers.

The Plaintiffs' Reply [Doc. 32] argues that they were all required to under report their actual hours worked and that each Plaintiff avers they worked far in excess of forty hours each workweek that they were employed. Further, they submit that they have provided sufficient evidence of being similarly situated. Finally, the Plaintiffs suggest that the parties confer and resolve all the issues related to the proposed notice.

On the Court's invitation, the parties submitted supplemental briefs after the hearing on this matter. In the Plaintiffs' Supplemental Brief [Doc. 37], they state that the Court should certify a class, including Front-Line Sales Representatives. The Plaintiffs aver that Front-Line Sales Representatives are similarly situated and that the Defendants have only argued minor variations between In-House Sales Representatives and Front-Line Sales Representatives. Further, the Plaintiffs assert that the Florida Sales Representatives should be included in the collective action because they are similarly situated. The Plaintiffs also assert that the Court has the option to conditionally certify a class that includes subclasses.

The Defendants filed a Supplemental Response [Doc. 38], asserting that the Florida

employees should not be included in any collective action. The Defendants argue that convenience is the only basis articulated by the Plaintiffs for the effort to expand this action. The Defendants assert that the Florida employees are not similarly situated to the employees in Tennessee. In addition, the Defendants contend that the Florida employees do not identify a violation of the FLSA and that inclusion of the Florida employees is procedurally inappropriate. Further, the Defendants argue that Front-Line Sales Representatives should not be included in any collective action. The Defendants submit that neither named Plaintiff worked as a Front-Line Sales Representative during the statute of limitations period for this action. The Defendants also state that the Plaintiffs have not submitted any evidence related to Front-Line Sales Representatives in Tennessee. Finally, the Defendants assert that the Plaintiffs' reliance on the *Wyndham* cases is misplaced.

### III. ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction ... for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989). Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Id.*

5

A plaintiff alleging a FLSA violation can bring a representative action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. *See id.* Further, the FLSA "similarly situated" standard is less stringent than the predominance inquiry typically applicable to class certification disputes under Rule 23(b). *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Hoffmann–La Roche,* 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. *See Comer,* 454 F.3d at 547.

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg v. UHS of Lakeside, LLC,* 761 F. Supp. 2d 752, 757–58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify. *See Comer,* 454 F.3d at 547. While "lead plaintiffs bear the burden

6

of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs," *O'Brien,* 575 F.3d at 584, requests for conditional certification "typically result[ ] in 'conditional certification' of a representative class." *Hipp v. Liberty Nat'l Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001) (*quoting Mooney v. Aramco Servs. Co.,* 54 F.3d 1297, 1204 (5th Cir. 1995)).

While the required level of proof is minimal and lenient at the first stage, courts should exercise caution in granting conditional certification, because the Court of Appeals for the Sixth Circuit has held "that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable." *See Albright v. Gen. Die Casters, Inc.,* No. 5:10-cv-480, 2010 WL 6121689, at *1 (N.D. Ohio 2010) (quoting *Comer,* 454 F.3d at 549). The court and the parties should be mindful, however, that certification at this first stage is "by no means final." *Id.* at 546 (citation omitted).

With the above standard in mind, the Court turns to the present case. The Court will first analyze whether this lawsuit should be conditionally certified as a collective action. If so, the Court will then turn to the proposed notice.

### A. Conditional Certification

The Plaintiffs request that the Court conditionally certify all Sales Representatives employed by Defendant Bluegreen at its Sevier County (Pigeon Forge and Gatlinburg) and Orlando, Florida locations within the last three years. *See* [Doc. 28 at 1]. As an initial matter, at the hearing, the Defendants asserted that there are at least four unique Sales Representatives: (1) Front-Line Sales Representatives; (2) In-House Sales Representatives; (3) In-House Sales Specialists; and (4) Inventory Specialists.[3] The Defendants stated that there are no opt-ins who

---

[3] The Court notes that in both Declarations submitted by the Defendants, they also refer to a position called "Podium Presenters." [Docs. 31-2 at ¶ 4 and 31-3 at ¶ 4]. Both Declarations claim that "Podium Presenters" are different from Front-Line Sales Representatives. [*Id.*]. This statement, however, is inconsistent with other statements made in their Declarations, such as,

7

work as Inventory Specialists.[4]  The Plaintiffs responded that they were not seeking to include Inventory Specialists in the collective action.  Accordingly, based on the Plaintiffs' representation at the hearing, the Court will not consider Inventory Specialists in its recommendation.

The Court finds that the Plaintiffs have met their burden for conditional certification.  In support of their Motion, the Plaintiffs have submitted five declarations.  In all five declarations, the Plaintiffs claim that they worked over forty hours and were not compensated for their overtime. *See* [Docs. 28-3 at ¶¶ 13-14; 28-4 at ¶¶ 7-8; 28-5 at ¶¶ 14-17; 28-6 at ¶¶13-16; 28-7 at ¶¶ 14-16]. Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585; *see also Thompson v. Direct General Consumer Products, Inc.*, No. 3:12-cv-1093, 2014 WL 884494, at *4 (M.D. Tenn. Mar. 5, 2014) (conditionally certifying a class based on employees' affidavits stating that they were not allowed to record all the hours worked and they were required to make overtime hours lower in the records but to keep working and get the job done and so forth);[5]  *Keenum v. Lott Enterprises, Inc.*, No. 2:14-CV-0254,

---

"Groups are greeted by one or more assigned Front-Line Sales Representatives when they arrive and are then provided a group presentation by Front-Line Sales Representatives *who are known as* "Podium Presenters." [*Id.*] (Emphasis added).

[4]  This is inconsistent with the Declaration of Ken Morgan, who states that from October 17, 2014, until February 9, 2015, Mr. Robles worked as an Inventory Specialist. [Doc. 31-3 at ¶ 12].

[5]  The Defendants cite *Thompson* in their brief explaining the court "refus[ed] to conditionally certify a class on the basis of a common policy when the it [sic] was the 'company's written policy to comply with the FLSA.'" [Doc. 31 at 10].  Contrary to the Defendants' representation to the Court, the court in *Thompson* did conditionally certify the class.  2014 WL 884494 at *10.  The court declined to conditionally certify a nationwide action because the plaintiffs did not submit evidence to support conditional certification across the company. *Id.* at *5.  The court continued that plaintiffs did not suggest that they had any knowledge of off-the-clock practices in any states outside of Florida, Georgia, Missouri, and Tennessee. *Id.*  In addition, the court noted that the while the plaintiffs contend that the defendant "admitted its insurance

2014 WL 11369832, at *3 (W.D. Tenn. Nov. 25, 2014) ("Plaintiff has included four declarations asserting that Defendant has failed to pay overtime to employees with similar job functions and pay schemes as Plaintiff. Plaintiff has thereby made a sufficient, modest factual showing of FLSA claims "united by common theories of defendant['s] statutory violations.").

The Defendants assert that the Plaintiffs worked different schedules, had different job functions, identify different managers, and maintained different pay structures. A review of the declarations, however, shows that the Plaintiffs share similar job duties (*i.e.,* to sell time share units to potential customers or existing customers) and were paid commissions in exchange for sales. While their actual job titles are different and their managers may be different, this does not destroy certification at this stage of the litigation. As highlighted by the Plaintiffs, the Sixth Circuit, in reviewing a district court's denial of a motion to decertify, held that plaintiffs were similarly situated for FLSA purposes, notwithstanding that they worked in different locations under different supervisors and had different types and amounts of uncompensated time. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017).[6] The Court reasoned that the record contained ample evidence of a company-wide policy of requiring technicians to underreport hours that originated with the executive employees. *Id.*

Here, the Defendants argue that "all three of the Florida declarants fail to articulate any manner by which they were denied overtime." [Doc. 31 at 12]. In Omar Martinez's Declaration,

---

agents are subject to the same company wide polices, this admission pertain[ed] only to the company's written policy to comply with the FLSA." *Id.*

[6] The Plaintiffs actually cite to *Monroe v. FTS USA, LLC*, 815 F.3d 100 (6th Cir. 2016). The Supreme Court vacated the judgment in *Monroe* and remanded the case to the Sixth Circuit for further consideration in light of *Tyson Foods, Inc., v. Bouaphakeo*, 136 S. Ct. 1036 (2016). *FTS USA, LLC v. Monroe*, 137 S. Ct. 590 (2016). On remand, however, the Sixth Circuit ruled that *Tyson* did not compel a different decision and again affirmed the district court's certification of the case as a collection active. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 389 (6th Cir. 2017).

however, he asserts that certain supervisors repeatedly told employees that they would not approve Sales Representatives to claim over forty hours in a workweek and that the supervisors were aware that employees worked over forty hours a week and were not paid overtime. [Doc. 28-5]. Moreover, the Sixth Circuit has recently explained, in affirming the district court's denial of a motion to decertify:

> The dissent asserts that FTS Technicians allege "distinct" violations of the FLSA "define the company-wide 'policy' at such a lofty level of generality that it encompasses multiple policies. . . . Many FLSA cases do focus on a single action, such as the donning and doffing cases that the dissent's reasoning would suggest is the only situation where representative proof would work. But neither the statutory language nor the purposes of FLSA collective actions require a violating policy to be implemented by a singular method. The dissent cites no Sixth Circuit case that would compel employees to bring a separate collective action (or worse, separate individual actions) for unreported work required by an employer before clocking in, and another for work required after clocking out, and another for work required during lunch, and yet another for the employer's alteration of its employees' timesheets. Such a narrow interpretation snubs the purpose of FLSA collective actions.

*Id.* at 403. The Court finds such reasoning applicable in the instant case. *See id*. ("The Supreme Court has warned against such a 'narrow, grudging' interpretation of the FLSA and has instructed courts to remember its 'remedial and humanitarian' purpose, as have our own cases."). Accordingly, the Court finds the Defendants' argument not well-taken at this stage of the litigation.

The Defendants have also asserted that neither named Tennessee Plaintiff worked as a Front-Lines Sales Representative during the statute of limitations, and therefore, the Plaintiffs have submitted no evidence related to Front-Line Sales Representatives in Tennessee. The Court has carefully considered this argument but finds it not-well taken at this time. As mentioned above, while the Plaintiffs have different job titles, their primary duties are similar. For instance, Plaintiff Whitney Paxton explains:

10

> Over my seventeen (17) years with Bluegreen[,] I have worked as a front-line sales representative, in-house sales representative and a sales specialist. Ultimately, the primary duty of these jobs included selling time share units to customers. The main difference is what stage of the sale process the representative is involved. Ultimately, the primary job duty is the same: make a sale and close the time share.

[Doc. 28-3 at ¶ 8]. The Court has compared Plaintiff Paxton's statements with the declarations submitted by the employees from Florida. For instance, Omar Martinez's Declaration states that he was a Front-Line Sales Representative and that the "primary duty of this job included selling time share units by giving on-site tours to prospective customers." [Doc. 28-5 at ¶ 8]. Accordingly, the Court will recommend that Front-Line Sales Representative be included in the collective action.

The Court has also considered whether the Florida employees should be included in the instant action. At this time, the Court will recommend that the Florida employees be included. In comparing the declarations submitted by the two employees who worked in Tennessee and the declarations submitted by several employees who worked in Florida, the Plaintiffs have preliminary demonstrated that they performed similar duties, regularly worked in excess of forty hours a week, their supervisors were aware that they worked over forty hours per week and they were similarly compensated by a pay system that included commissions but not overtime. *See generally Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015) (citing the same factors to conditionally certify the collective action);[7] *see also Thompson,* 2014 WL 884494, at

---

[7] The Defendants claim that Olmedo Vasquez-Saavedra was an unlicensed Front-Line Sales Representative, who was paid a flat hourly rate as opposed to commissions. [Doc. 31 at 6]. According to his own Declaration, however, Olmedo Vasquez-Saavedra was paid commissions in exchange for his sales. [Doc. 28-8 at ¶ 6]. This stage, however, is not the time to weigh Defendants' competing factual assertions. *See Waggoner,* 110 F. Supp. 3d at 771 ("Requiring any more factual support from plaintiffs at this early stage, or weighing U.S. Bank's competing factual assertions, would intrude improperly into the merits of the action, imposing a burden upon

11

*5-6 (denying nationwide class certification but granting a collective action for the employees located in four different states).

Finally, the Court has also considered the Defendants' argument that the Plaintiffs provide no evidence regarding current employees, although such employees are included in the definition of the collective action. Despite the Plaintiffs' lack of response to this argument, the Court will recommend that current employees receive notice of this action. As mentioned above, the Court has reviewed the declarations in this case, and while no declarant currently works for Bluegreen, two declarants worked there in the latter half of 2016. [Docs. 28-3 at ¶ 3, 28-7 at ¶ 3]. Further, most of the declarants state that they have spoken to other Bluegreen Sales Representatives, who claim that they were not paid overtime compensation for all the hours worked. [Doc. 28-3 at ¶ 17, 28-6 at ¶ 20, 28-7 at ¶ 20]. The Court finds it unreasonable to limit the collective action to only former employees given that the declarants state that they are aware of other employees who claim that they were not paid overtime compensation. In addition, the Court finds that such limitation is illogical as it would result in some employees not receiving notice simply because they remain employed with the Defendant.

As a final matter, the Court notes that many of the Defendants' arguments have merit. However, such arguments are more properly considered at the second stage of certification. "Once discovery is complete, a stricter standards applies, and the [p]laitniff must introduce 'substantial evidence' that the opt-in [p]laintiff are similarly situated." *Heldman v. King Pharm., Inc.*, No. 3-10-1001, 2011 WL 465764, at *3 (M.D. Tenn. Feb. 2, 2011) (citing *Frye v. Baptist Memorial Hospital, Inc.,* 2010 WL 3862591, at * 2 (W.D. Tenn. Sept. 27, 2010)). While the Plaintiffs have

---

plaintiffs to prove the factual predicates of their claim as a precondition to obtaining preliminary conditional certification.").

established their lenient burden at this stage, the Court does have concerns that the Plaintiffs will not be able to establish their burden at the second stage of this litigation.[8] Such arguments, however, are better reserved for another day. Further, while the Court will not recommend subclasses at this time, subclasses may be warranted in the future after some discovery has been taken. *See Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 896 (S.D. Ohio 2016) ("If discovery reveals that the class should be limited to a subset of the employees who provide direct patient care, the Court may address that issue on Defendants' motion at that time."). Accordingly, the Court will recommend that the action be conditionally certified as set forth below.

### B. Proposed Notice

During the hearing, the Court explained that there were several problems with the proposed notice.[9] The parties stated that they could work together to resolve the issues with the proposed notice should the Court recommend that the action be conditionally certified. Accordingly, the Court will recommend that the parties have time to resolve the issues with the proposed notice as further set forth below.

---

[8] For instance, the Court's concerns are highlighted by Jeff Reeser's Declaration, which states, "I was employed by Defendant Bluegreen Vacations Unlimited, Inc., and Phillip Hicks and Todd Smith as In House Sales and Front Line Sales between approximately "*200 feet and 20/Y.*" [Doc. 28-4 at ¶ 3]. (Emphasis added). Such errors, however, may be attributed to the lack of attention to detail rather than the merits of the Plaintiffs' claim.

[9] For instance, the proposed notice and consent form, along with some of the declarations, name Ken Morgan as a Defendant, although Ken Morgan is not named as a party in the Complaint. [Docs. 28-1 and 28-2]. Further, this action was filed in the Eastern District of Tennessee, not the Western District. This lack of attention to detail in such an early stage of this litigation is very discouraging.

## IV.    CONCLUSION

Accordingly, for the reasons cited herein, the Court **RECOMMENDS**[10] that the Plaintiffs' Motion to Conditionally Certify Collection Action and Facilitate Notice to Potential Class Members [**Doc. 27**] be **GRANTED IN PART AND DENIED IN PART**.  The Court **RECOMMENDS** as follows:

> (1) This case be conditionally certified for current and former, non-exempt, commission-paid (1) Front-Line Sales Representatives, (2) In-House Sales Representatives, and (3) In-House Sales Specialists at Bluegreen's Sevier County and Orlando, Florida locations during the three years preceding the filing of the date of this Complaint;
>
> (2) Bluegreen be **ORDERED** to produce the names, addresses, and dates of employment for all persons potentially covered by the collective action within twenty (20) days of entry of the Order ruling on the instant Report and Recommendation; and
>
> (3) If the parties have not reached an agreement regarding the notice and opt-in forms by the time the District Judge enters an Order ruling on this Report and Recommendation, the Plaintiffs be **ORDERED** to file their proposed notice and opt-in form within five (5) days of the Order ruling upon this Report and Recommendation and that the Defendants be permitted to respond or file a competing notice and opt-in form within five (5) days of the Plaintiffs' filing.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[10] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).