UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| WHITNEY PAXTON, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 3:16-cv-523 |
| v. ) | |
| ) | Judge Mattice |
| BLUEGREEN VACATIONS ) | |
| UNLIMITED, *et al.*, ) | Magistrate Judge Guyton |
| ) | |
| *Defendants*. ) | |
| ) | |

## ORDER

On July 27, 2017, United States Magistrate Judge H. Bruce Guyton filed his Report and Recommendation, (Doc. 41), pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and the Court's Referral Order (Doc. 29). Therein, Magistrate Judge Guyton recommends that Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, (Doc. 27), be granted in part and denied in part. (Doc. 41 at 14).

Defendants filed timely objections on August 10, 2017. (Doc. 42). The Court has conducted a review of the Report and Recommendation, as well as the entire record related to this matter, and it agrees with Magistrate Judge Guyton's well-reasons conclusions. Accordingly, the Court will **ACCEPT and ADOPT** Magistrate Judge Guyton's Report and Recommendation, and Plaintiff's Motion, (Doc. 27), will be **GRANTED in part** and **DENIED in part** as outlined herein.

## I. BACKGROUND

The Parties have not objected to the Magistrate Judge's recitation of the facts and the Parties' respective positions, and the Court concludes that it is accurate. The pertinent facts as summarized by Magistrate Judge Guyton are as follows:

The Complaint [Doc. 1] in this case was filed on August 24, 2016. The Complaint alleges violations of the Fair Labor Standards Act of 1938 ("FLSA"). In addition, Plaintiff Whitney Paxton states that she was unlawfully terminated after complaining to the Defendants about their failure to pay wages in violation of § 215(a) of the FLSA. *Id.* at ¶ 1. The Complaint alleges that the Plaintiffs were either formerly employed, or remain employed, by the Defendants as nonexempt employees. *Id.* at ¶ 2. The Complaint states that the Plaintiffs worked as In-House Sales Representatives and/or Front Line Sales, or similar positions with duties and responsibilities, including selling and promoting time-share interest. *Id.* at ¶ 3. The Complaint contends that during the three-year period prior to filing the Complaint, the Defendants committed violations of the FLSA by requiring and/or suffering and/or permitting its employees to work in excess of forty (40) hours per week without receiving earned compensation, including overtime pay as required by law. *Id.* at ¶ 4. The Complaint continues that the Defendants did not pay the Plaintiffs for all hours worked. *Id.* Further, the Complaint states that the Defendants contracted with the Plaintiffs, as a term and condition of their employment, to pay for all hours worked based on the legally appropriate hourly rate of pay, including overtime. *Id.* In addition, the Complaint alleges that during the three-year period prior to the filing of the Complaint, the Defendants required the Plaintiffs to adjust their hours so that the Plaintiffs would not be paid overtime. *Id.* at ¶ 5. The Complaint states that the Defendants also required the Plaintiffs to sign documentation reducing their hours of work and that the Defendants required the Plaintiffs to work off-the-clock. *Id.* In summary, the Complaint alleges violations of the FLSA, breach of contract, and retaliatory discharge of Plaintiff Wendy Paxton. *Id.* at ¶¶ 15-26 . . .

The Plaintiffs move [Doc. 27] for an order conditionally certifying this case as a collective action. In addition, the Plaintiffs request an implementing procedure, whereby prospective opt-in plaintiffs will be notified of Plaintiffs' FLSA claims and be given an opportunity to join the collective action. Specifically, the Plaintiffs state that the collective action will consist of Sales Representatives employed by Defendant Bluegreen Vacations Unlimited, Inc., ("Bluegreen") at its Pigeon Forge, Gatlinburg, and Orlando, Florida locations within the last three years. The Plaintiffs assert that there are common questions of law or fact to all the Sales Representatives. The Plaintiffs argue that the Defendants employ similarly situated Sales Representatives who were or are paid under the same pay practices that were applicable to all Sales Representatives within the defined class. The Plaintiffs contend that district courts often conditionally certify similar cases. Further, the Plaintiffs claim that courts do not consider factual disputes, the merits of the claim, discovery, or individualized defenses. The Plaintiffs assert that the proposed class notice is accurate and should be mailed, emailed and posted at Defendant Bluegreen's locations. Further, the Plaintiffs assert that notice should be sent to class members within a

three-year statute of limitations and that the Court should order the Defendants to provide contact information for the class members.

The Defendants respond [Doc. 31] that the Plaintiffs have not identified a single policy that even arguably violates the FLSA. Further, the Defendants argue that the Plaintiffs' evidence of being similarly situated is insufficient. The Defendants explain that the Plaintiffs fail to identify a common theory of liability, they fail to identify a common decision maker, and they provide no evidence regarding current Bluegreen employees. Further, the Defendants assert that the Plaintiffs and the declarants are not similarly situated and that their claims are not suited for collective treatment. With respect to the proposed notice, the Defendants assert that the notice and consent are deficient and misleading. Finally, the Defendants assert that only one form of notice is appropriate and that the Plaintiffs are not entitled to putative collective members' social security numbers.

The Plaintiffs' Reply [Doc. 32] argues that they were all required to under report their actual hours worked and that each Plaintiff avers they worked far in excess of forty hours each workweek that they were employed. Further, they submit that they have provided sufficient evidence of being similarly situated. Finally, the Plaintiffs suggest that the parties confer and resolve all the issues related to the proposed notice.

On the Court's invitation, the parties submitted supplemental briefs after the hearing on this matter. In the Plaintiffs' Supplemental Brief [Doc. 37], they state that the Court should certify a class, including Front-Line Sales Representatives. The Plaintiffs aver that Front-Line Sales Representatives are similarly situated and that the Defendants have only argued minor variations between In-House Sales Representatives and Front-Line Sales Representatives. Further, the Plaintiffs assert that the Florida Sales Representatives [hereinafter "Florida Employees"] should be included in the collective action because they are similarly situated. The Plaintiffs also assert that the Court has the option to conditionally certify a class that includes subclasses.

The Defendants filed a Supplemental Response [Doc. 38], asserting that the Florida employees should not be included in any collective action. The Defendants argue that convenience is the only basis articulated by the Plaintiffs for the effort to expand this action. The Defendants assert that the Florida employees are not similarly situated to the employees in Tennessee. In addition, the Defendants contend that the Florida employees do not identify a violation of the FLSA and that inclusion of the Florida employees is procedurally inappropriate. Further, the Defendants argue that Front-Line Sales Representatives should not be included in any collective action. The Defendants submit that neither named Plaintiff worked as a Front-Line Sales Representative during the statute of limitations period for this action. The Defendants also state that the Plaintiffs have not submitted any

evidence related to Front-Line Sales Representatives in Tennessee. Finally, the Defendants assert that the Plaintiffs' reliance on the *Wyndham* cases is misplaced.

(Doc. 41 at 2–5) (footnotes omitted).

## II. STANDARD OF REVIEW

District Courts review *de novo* the portions of a Report and Recommendation to which timely objections are filed. *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).

## III. ANALYSIS

Defendants object to Magistrate Judge Guyton's findings that the Florida Employees and the Front-Line Sales Representatives should be part of the conditionally certified class. Defendants also argue that the Report and Recommendation improperly relies on *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017). (*See generally* Doc. 42). Each objection will be discussed in turn.

### A. Florida Employees

Defendant first argues that the Florida Employees should not be part of the conditionally certified class because (1) they are not similarly situated to the Tennessee Employees; (2) their allegations of FLSA violations are "inconsistent;" and (3) "fairness and procedural impact" dictate that inclusion of the Florida Employees is improper. (Doc. 42 at 2–6). All of these arguments, however, were presented to and rejected by Magistrate Judge Guyton. (*Compare* Doc. 42 at 2–6 *with* Doc. 31 at 14–16 *and* Doc. 38 at 1–4). It is well-established that objections that merely restate arguments previously presented are without merit and may be denied summarily. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the

magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Accordingly, Defendants' Objection with regards to the Florida Employees will be **OVERRULED**.[1]

## B. Front-Line Sales Representatives

Next, Defendants claim that the Report and Recommendation erroneously found that Front-Line Sales Representatives should be included in the conditionally certified class. (Doc. 42 at 6–7). Specifically, Defendants argue that Front-Line Sales Representatives are not similarly situated to In-House Sales Representatives and that Plaintiffs "have not presented evidence regarding Front-Line Sales Representatives in Tennessee during the statute of limitations period." (*Id.* at 6).

Defendants' arguments regarding the dissimilarities between job functions of Front-Line Sales Representatives and In-House Sales Representatives are, again, merely recycled arguments that have already been rejected by Magistrate Judge Guyton. (*Compare* Doc. 38 at 4–6 *with* Doc. 42 at 6–7). Even if this objection were properly

---

[1] Briefly, the Court notes that Magistrate Judge Guyton properly found that the lack of common supervisors between the Florida Employees and the Tennessee Employees is not fatal to conditional certification. Plaintiffs have alleged that both the Florida and Tennessee Employees were instructed by their respective supervisors that they were not to report, and consequently would not be paid for, hours worked in excess of forty per week. To require that Plaintiffs in different states share the same supervisor to bring a collective action would defeat the remedial purpose of the FLSA. Moreover, it does not appear to the Court that the Florida Employees have raised "inconsistent" allegations of FLSA violations. They all claim that they worked in excess of forty hours per week at the direction of their supervisors. Their failure to specify exactly *how* Defendants managed to make it appear that they worked forty or fewer hours per week is not dispositive at this stage. *See, e.g.*, *Monroe v. FTS USA, LLC*, 860 F.3d 389, 403 (6th Cir. 2017) ("Many FLSA cases do focus on a single action, such as the donning and doffing cases that the dissent's reasoning would suggest is the only situation where representative proof would work. But neither the statutory language nor the purposes of FLSA collective actions require a violating policy to be implemented by a singular method. The dissent cites no Sixth Circuit case that would compel employees to bring a separate collective action (or worse, separate individual actions) for unreported work required by an employer before clocking in, and another for work required after clocking out, and another for work required during lunch, and yet another for the employer's alteration of its employees' timesheets. Such a narrow interpretation snubs the purpose of FLSA collective actions."); *see also id.* ("That an employer uses more than one method to implement a company-wide work 'off-the-clock' policy does not prevent employees from being similarly situated for purposes of FLSA protection."). The *Monroe* decision will be discussed in greater detail *infra* Part III.C.

presented, the Court would find it meritless. The differences in job functions between Front-Line Sales Representatives and In-House Sales Representatives that Defendants cite are *de minimis* and at times contrived. Such employees perform essentially the same function—selling time shares. In short, Plaintiffs have satisfied their burden at this early stage to show that they are similarly situated to the employees they seek to notify of this action. *See, e.g.*, *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006) (noting that, at the conditional certification stage, "[t]he plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" (quoting *Pritchard v. Dent Wizard, Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002))). This determination is of course by no means final, as Defendants may move to decertify the class at the close of discovery. *Id.*

Defendants also argue that Front-Line Sales Representatives should not be included in the conditionally certified class because "[t]he only evidence from Front-Line Sales Representatives comes from the declarations from the Florida [E]mployees. However, as discussed previously, Florida [E]mployees should not be included in the conditionally certified class." (Doc. 42 at 7). Because the Court has already rejected Defendants' arguments regarding the Florida Employees, *see supra* Part III.A, Defendants' Objection regarding the Front-Line Sales Representatives will be **OVERRULED**.[2]

---

[2] Defendant is also simply incorrect that Plaintiffs have failed to provide information about Front-Line Sales Representatives in Tennessee. For example, Plaintiff Whitney Paxton, a Tennessee Employee, declared that

> over [her] seventeen (17) years with Bluegreen [she] worked as a front-line sales representative, in-house sales representative and a sales specialist. Ultimately, the primary duty of these jobs included selling time share units to customers. The main difference is what stage of the sales process the representative is involved. Ultimately, the primary job duty is the same: make a sale and close the time share.

(Doc. 28-3 at 2).

### C. *Monroe v. FTS USA, LLC*

Finally, Defendants argue that Magistrate Judge Guyton mistakenly relied on *Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017), to reach his conclusions. (Doc. 42 at 7–9). The Court has reviewed Magistrate Judge Guyton's Report and Recommendation, as well as the *Monroe* decision, and finds Defendants' arguments misplaced. First, Defendants grossly mischaracterize the extent to which Magistrate Judge Guyton relied on *Monroe*, which is only discussed in two paragraphs of the fourteen-page Report and Recommendation—hardly the hallmark of heavy reliance.[3] (Doc. 41 at 9–10). Second, Defendants merely argue that *Monroe* is factually distinguishable from the instant case. (Doc. 42 at 7–9). Such an argument is of little value, however, because *Monroe* was decided with the benefit of full discovery. *Monroe*, 860 F.3d at 393. Here, Plaintiffs have not had the same opportunity to develop a factual record. Moreover, this case is not as distinguishable as Defendants would lead the Court to believe. As in *Monroe*, Plaintiffs in the instant action complain that they were directed by their supervisors, in one fashion or another, to underreport their time. (*See generally* Docs. 28-3, 28-4, 28-5, 28-6, 28-7); *Monroe*, 860 F.3d at 394 ("Managers told or encouraged technicians to underreport time or even falsified timesheets themselves."). Furthermore, the Court has already rejected Defendants' arguments that (1) Plaintiffs' job functions are not sufficiently similar and (2) the lack of common supervisors between the Florida Employees and the Tennessee Employees is determinative of their cause. *See supra* Parts III.A and III.B. The Court will not permit Defendants to relitigate these

---

[3] To make matters worse, one of these two paragraphs only discusses propositions of law announced in *Monroe*. (Doc. 41 at 10). Defendants' attempt to distinguish the facts of *Monroe* from the present case, therefore, amount to an attack on a single paragraph of Magistrate Judge Guyton's Report and Recommendation.

arguments under the guise of distinguishing the facts of this case from those of *Monroe*. It bears repeating, however, that Defendants will have an opportunity to move to decertify the class at the close of discovery. *Comer*, 454 F.3d at 546–47.

Defendants' objection regarding the Report and Recommendation's reliance on *Monroe*, therefore, will be **OVERRULED**.

## IV. CONCLUSION

For the reasons stated herein,

- Defendants' Objections to Magistrate Judge Guyton's Report and Recommendation, (Doc. 42), are hereby **OVERRULED**;

- Magistrate Judge Guyton's Report and Recommendation, (Doc. 41), is hereby **ACCEPTED and ADOPTED**;

- Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, (Doc. 27), is hereby **GRANTED in part** and **DENIED in part**;

- This case is hereby **CONDITIONALLY CERTIFIED** for current and former, non-exempt, commission paid (1) Front-Line Sales Representatives, (2) In-House Sales Representatives, and (3) In-House Sales Specialists at Bluegreen's Sevier County and Orlando, Florida locations during the three years preceding the filing of the date of this Complaint;

- Bluegreen is hereby **ORDERED** to produce the names, addresses, and dates of employment for all persons potentially covered by the collective action within twenty (20) days of entry of this Order; and

- If the Parties have not reached an agreement regarding the notice and opt-in forms by the date of entry of this Order, Plaintiffs are hereby **ORDERED** to file their proposed notice and opt-in form within five (5) days of the date of entry of this Order, and Defendants are hereby **ORDERED** to respond or file a competing notice and opt-in form within five (5) days of the Plaintiffs' filing.

**SO ORDERED** this 25th day of August, 2017.

                                      */s/ Harry S. Mattice, Jr.*
                                      HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE